**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 25-42-02** |
| **TAUHEED TUCKER** | : | |

**GOVERNMENT'S CHANGE OF PLEA MEMORANDUM**

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Jessica Rice, Assistant United States Attorney for the District, respectfully submits this change of plea memorandum. A change of plea hearing was held on Thursday, April 30, 2026, at 10:30 a.m.

## I. BACKGROUND

On May 28, 2025, defendant Tauheed Tucker was charged along with three co-defendants in a four-count superseding indictment, arising from Tucker's participation in a scheme to steal thousands of U.S. Treasury checks from a United States Postal Service mail processing center and then resell and ship those stolen checks throughout the country to purchasers who ultimately negotiated the stolen checks at financial institutions. Tucker was charged with three counts: conspiracy to steal government funds, in violation of 18 U.S.C. § 371 (Count One); theft of government funds, and aiding and abetting, in violation of 18 U.S.C. §§ 641 and 2 (Count Two); and mail theft, and aiding and abetting, in violation of 18 U.S.C. §§ 1708 and 2 (Count Three).

Tucker has indicated a desire to plead guilty to Counts One through Three of the superseding indictment, pursuant to a guilty plea agreement.

## II. ELEMENTS OF THE OFFENSES

### A. Conspiracy – 18 U.S.C. § 371 (Count One)

To establish a violation of 18 U.S.C. § 371, the government must prove the following elements beyond a reasonable doubt:

1. Two or more persons agreed to commit an offense against the United States;

2. The defendant was a party to or member of that agreement;

3. The defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense against the United States; and

4. At some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.[1]

### B. Theft of Government Funds – 18 U.S.C. § 641 (Counts One and Two)

To establish a violation of 18 U.S.C. § 641, the government must prove the following elements beyond a reasonable doubt:

1. The defendant knowingly embezzled, stole, converted to the defendant's use, or converted to the use of another, money or property of value, with the intention of depriving the owner of the use or benefit of the money or property;

2. The money or property belonged to the United States; and

3. The value of the money or property was more than $1,000.[2]

U.S. Treasury checks qualify as property of value to the United States within the meaning of 18 U.S.C. § 641.[3]

---

[1] Third Circuit Model Criminal Jury Instructions § 6.18.371A.

[2] S3 Modern Federal Jury Instructions-Criminal 23.1.

[3] *See, e.g.*, *United States v. Wylie*, 813 F.2d 1229 (4th Cir. 1987) ("[T]here is no doubt that United States Treasury checks are 'things of value' within the meaning of the statute."); *see*

**C. Mail Theft – 18 U.S.C. § 1708 (Count Three)**

To establish a violation of 18 U.S.C. § 1708, the government must prove the following elements beyond a reasonable doubt:

1. There was mail in a private mail box, at a post office, in a letter box, in a mail receptacle, on a mail route, in an authorized depository for mail matter, or in possession of a letter or mail carrier;

2. The defendant took the mail from the private mail box, post office, letter box, mail receptacle, mail route, authorized depository for mail matter, or letter or mail carrier; and

3. At the time the defendant took the mail, the defendant intended to deprive the owner, temporarily or permanently, of its use and benefit.[4]

**D. Aiding and Abetting – 18 U.S.C. § 2**

To establish a violation of 18 U.S.C. § 2, the government must prove the following elements beyond a reasonable doubt:

1. The principal committed the offense by committing each of the elements of the offense;

2. The defendant knew that the offense charged was going to be committed or was being committed by the principal;

3. The defendant knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating, or encouraging the principal in committing the offense charged and with intent that the principal commit that offense; and

4. The defendant performed an act in furtherance of the offense committed by the principal.[5]

---

*also United States v. Robinson*, 603 F.3d 230 (3d Cir. 2010); *United States v. Davis*, 397 F. App'x 771 (3d Cir. 2010); *United States v. Mukhtaar*, 355 F. App'x 541 (2d Cir. 2009); *United States v. Dimaranan*, 855 F.2d 863 (9th Cir. 1988).

[4] S3 Modern Federal Jury Instructions-Criminal 23.10.

[5] Third Circuit Model Criminal Jury Instructions § 7.02.

## III. MAXIMUM PENALTIES

The statutory maximum penalty for Count One, charging conspiracy to steal government funds, is a term of imprisonment of 5 years, a term of supervised release of 3 years, a fine of $250,000, and a special assessment of $100; for Count Two, charging theft of government funds (and aiding and abetting), a term of imprisonment of 10 years, a term of supervised release of 3 years, a fine of $250,000, and a special assessment of $100; and for Count Three, charging mail theft (and aiding and abetting), a term of imprisonment of 5 years, a term of supervised release of 3 years, a fine of $250,000, and a special assessment of $100.

Thus, the total permissible statutory maximum sentence is a term of imprisonment of 20 years, a term of supervised release of 3 years, a fine of $750,000, and a special assessment of $300. Full restitution of as much as $2,628,984.39 shall be ordered, and forfeiture of $28,200 also may be ordered.

## IV. FACTUAL BASIS FOR THE GUILTY PLEA

If this case were to proceed to trial, the government would introduce evidence to establish the following facts:

The United States Department of the Treasury, Bureau of the Fiscal Service ("BFS"), is responsible for printing and mailing United States Treasury checks to individuals and businesses throughout the United States.[6] BFS operates a facility in Philadelphia, Pennsylvania from which thousands of Treasury checks are mailed out on a daily basis. Treasury checks that are mailed out by BFS but are undeliverable to the intended recipient for any reason are marked "Return to

[6] These Treasury checks represent payments from a large number of federal agencies and include, among many other payments, income tax refunds from the Internal Revenue Service, social security benefit payments from the Social Security Administration, and veterans benefit payments from the Department of Veterans Affairs.

Sender" and sent back to BFS's Philadelphia facility via the United States Postal Service ("USPS"). Treasury checks mailed from, or returned to, BFS's Philadelphia facility are processed at the USPS Philadelphia Processing and Distribution Center ("Philadelphia P&DC").

Defendant Tauheed Tucker worked as a Mail Processing Clerk at the Philadelphia P&DC from November 2022 to September 2024. Tucker's cousin, co-defendant Saahir Irby, also worked as a Mail Processing Clerk at the Philadelphia P&DC during that time period. Tucker and Irby both typically worked overnight shifts. In their roles as Mail Processing Clerks, Tucker and Irby sorted mail passing through the facility and had physical access to mail sorting machines that processed mail sent from and addressed to BFS's Philadelphia facility.

Starting by in or about June 2023, Irby began working with co-defendants Cory Scott and Alexander Telewoda to steal Treasury checks from the Philadelphia P&DC and then resell those checks via the instant messaging application Telegram to purchasers around the country. To facilitate this scheme, Irby identified mail sorting machines which, at certain times of day, processed large numbers of envelopes containing Treasury checks that had been marked "Return to Sender" and were being returned to BFS's Philadelphia facility. Irby began stealing those sealed envelopes in large quantities and delivering them to Scott and Telewoda, who then advertised the stolen checks on Telegram, sold them to other Telegram users (typically for 10% of their face value), and mailed the checks to those purchasers who then attempted to negotiate the stolen checks at financial institutions.

On or about August 8, 2023, Scott and Irby exchanged messages via Telegram discussing how to get Tucker (Irby's cousin) involved in the Treasury check theft scheme. In the days that followed, Tucker—who went by the nickname "Wig"—and Irby exchanged Telegram messages discussing how to steal checks from certain mail processing machines within the Philadelphia

P&DC during their scheduled shifts.

While other USPS employees responsible for manning those specific machines stepped away from the machines on break, Tucker or Irby would approach the sorting machines and remove large numbers of envelopes containing Treasury checks from the mail bins to which these envelopes had been sorted. Without opening the envelopes, they concealed the envelopes in a sweatshirt or jacket pocket, or in a backpack, and left the area. They then carried the envelopes containing Treasury checks out of the Philadelphia P&DC and placed the envelopes in their respective vehicles, either during or at the end of their shifts.

Between August 2023 and May 2024, Tucker stole bulk quantities of envelopes containing Treasury checks—which were then provided to Scott and Telewoda who advertised the checks for resale on their respective Telegram channels—while he was on duty at the Philadelphia P&DC during at least the following specific shifts:

- September 15–16, 2023
- November 3–4, 2023
- November 16–17, 2023
- November 18–19, 2023
- November 25–26, 2023
- January 3–4, 2024
- January 27–28, 2024
- May 4–5, 2024

Both Scott and Telewoda paid Tucker directly for his role in the scheme. In September and October 2023, Scott sent several payments, totaling $11,100, to Tucker's CashApp account (with display name "Wig") from Scott's account with display name "Lil Cor." Scott also sent

several additional payments, totaling $12,100, to Tucker's Apple Cash account in November 2023. Telewoda sent two CashApp payments, totaling $5,000, from his CashApp account (with display name "Empower Investments") to Tucker's CashApp account in October 2023.

The total face value of Treasury checks stolen during Tucker's participation in the conspiracy was approximately $61,189,378.47,[7] including several Treasury checks whose individual face value exceeded $1 million.

At trial, the government would introduce the following evidence to establish the existence of a conspiracy and Tucker's role in it: extensive Telegram messages between the defendants, posts to Scott's and Telewoda's Telegram channels, USPS mail tracking data, USPS timesheets, video recordings of Tucker and Irby stealing envelopes while on duty at the Philadelphia P&DC, and electronic payment records.

## V. <u>CONCLUSION</u>

The United States respectfully submits that this summary of evidence provides a factual basis for the guilty plea by defendant Tauheed Tucker to Counts One through Three of the superseding indictment.

Respectfully submitted,

DAVID METCALF
United States Attorney

*<u>/s/Jessica Rice</u>*
JESSICA RICE
Assistant United States Attorney

Dated: April 30, 2026

---

[7] This total is based on (1) the face value of all Treasury checks Scott and Telewoda advertised for sale on Telegram during Tucker's participation in the conspiracy, plus (2) the face value of all Treasury checks seized from Scott's and Telewoda's residences and/or vehicles (that were issued during Tucker's participation in the conspiracy). Of this total, $2,628,984.39 in stolen Treasury checks was successfully negotiated at financial institutions.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Change of Plea Memorandum has been served by electronic filing (ECF) upon the following:

Thomas Fitzpatrick
Tom@minceyfitzross.com
*Counsel for Defendant Tauheed Tucker*

*/s/Jessica Rice*___________
JESSICA RICE
Assistant United States Attorney

Dated: April 30, 2026