**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **Docket No.: 2:25 cr00042-004** |
| | : | |
| **ALEXANDER TELEWODA** | : | |

**DEFENDANT ALEXANDER TELEWODA**
**SENTENCING MEMORANDUM**

## I. Introduction

On May 5, 2026, Defendant, Alexander Telewoda ("Telewoda") pled guilty, pursuant to a guilty plea agreement, to Counts One through Three of a Superseding Indictment in which he was charged with conspiracy steal government funds, in violation of 18 U.S.C. § 371 [Count One]; theft of government funds and aiding and abetting, in violation of 18 U.S.C. §§ 641 and 2 [Count Two]; mail theft and aiding and abetting, in violation of 18 U.S.C. §§ 1708 and 2 [Count Three].

The charges stem from his involvement in a scheme with two individuals, who were postal employees, and another individual. The postal employees stole Treasury checks, gave them to Mr. Telewoda, who in turn advertised and sold them. The total loss to the Government was $121,574.014.80. Mr. Telewoda received payments totaling $162,144.50 for his involvement in the scheme. The Indictment alleged that the criminal conduct took place between June 2023 and September 2024.

Prior to entering his guilty plea to the Indictment, Mr. Telewoda and the Government entered into a written plea agreement pursuant to Rule 11(c)(1)(C) through which the parties agreed that a sentence in the following range would be the appropriate disposition of this matter:

70-78 months imprisonment; followed by a term of supervised release to be determined by the Court, a fine, left to the discretion of the Court and a $300 special assessment. The probation report reflects that agreement and understanding.

For the reasons stated herein, Mr. Telewoda requests that this Court impose a sentence of 70 months imprisonment, to run concurrent with a Pennsylvania State Court sentence which will be discussed below.

## II. **Pennsylvania State Court Sentence**

On October 20, 2025, Mr. Telewoda pled guilty in the Bucks County Court of Common Pleas to a charge of Possession of a firearm. On March 27, 2026, he was sentenced to an 18–36-month term of imprisonment.

## III. **Personal Background Information**

Mr. Telewoda's personal background is clearly outlined in the report prepared by the Probation department in connection with this sentencing ("PSR"), however counsel feels constrained to briefly highlight certain addictive behavior in Mr. Telewoda's history which provide a partial context and background for the behavior which has led Mr. Telewoda to the point of committing these offenses.

The report reflects that Mr. Telewoda suffers from two forms of addiction-gambling and substance/alcohol abuse.

While counsel is certainly not submitting that these addictions excuse Mr. Telewoda' conduct, counsel mentions them so that the Court can more readily understand that with proper treatment, Mr. Telewoda can in fact become a law abiding, functioning member of society.

Attached to this memorandum are 8 letters from acquaintances, and former and future employers which attest to the fact that Mr. Telewoda is a hardworking, loyal and caring person.

## III. SENTENCING OBJECTIVES

A sentence must be “sufficient, but not greater than necessary,” to achieve the goals of sentencing—retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a).

## IV. ADVISORY SENTENCING GUIDELINES

Mr. Telewoda entered into a guilty plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(c), the terms and conditions of which are accurately summarized in the presentence investigation report. In sum, the parties agree to jointly recommend a sentence of between 70 and 78 months. The probation department calculated Mr. Telewoda’ advisory guideline imprisonment range as follows: 63-78 months. The recommended sentence clearly satisfies the factors as set forth in 18 USC. § 3553(a).

## V. APPLICATION OF THE STATUTORY FACTORS TO THIS CASE

In the present case, in addition to the advisory guidelines range, the Court must consider the following factors when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing for Mr. Telewoda.

### A. Nature and Circumstances of the Offense and History and Characteristics of the Offender

The nature and circumstances of this offense and Mr. Telewoda’s history and characteristics support the requested sentence of 70 months. Mr. Telewoda’s personal history and background are summarized briefly above and set forth in the presentence report.

**B. The Need for the Sentence Imposed to Promote Certain Statutory Objectives**

*1. To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

Mr. Telewoda committed serious crimes and timely acknowledged his conduct. A 70-month sentence which runs concurrent with his state court sentence, adequately reflects the seriousness of the offenses, promotes respect for the law, and provides just punishment.

*2. To afford adequate deterrence to criminal conduct.*

Mr. Telewoda' prosecution and conviction for this case in the serious venue of federal court, (as opposed to state) along with a 70 month sentence, provide a more-than-adequate general deterrent to other, similarly situated individuals which severing as a deterrent to the public at large.

*3. To protect the public from further crimes of the defendant.*

Both the anticipated lengthy sentence coupled with the rehabilitation he will receive in prison will help to ensure that he does not commit any further offenses while more than adequately protecting the public for the foreseeable future.

*4. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

While Mr. Telewoda is serving his sentence, he will have ample opportunity to afford himself of the educational and vocational programming within the BOP. He can also avail

himself to drug and gambling treatment and much needed vocational training. The recommended sentence would meet the purposes of these goals.

### C. Kinds of Sentence Available

The Court must also consider "the kinds of sentence available." 18 U.S.C. § 3553(a)(3). A sentence of 70 months is certainly available to the Court.

### D. The Need to Avoid Unwarranted Disparities

The Court must consider the sentencing guidelines and policy statements that the Sentencing Commission has established for "the applicable category of offense committed by the applicable category of defendant." 18 U.S.C. § 3553(a)(4) and (5). The Court also shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In light of the fact that his sentence will be within the federal guidelines it would not constitute unwarranted disparity.

### E. The Need to Provide Restitution to Any Victims of the Offense

The amount of restitution at issue in this matter is high. If the Court is to require restitution to the victims of the crimes, Mr. Telewoda requests that the amount be fairly and accurately calculated.

## VI. CONCLUSION

The crimes to which Mr. Telewoda has pled guilty are serious and as reflected in the victim statements in the PSR, they have impacted several lives. Mr. Telewoda is a relatively young man capable of redemption. Without question a sentence of 70 months which runs

concurrent with his state sentence can prepare Mr. Telewoda to re-enter society as a productive man. Based on the above stated reasons, the defense respectfully requests that this Court impose a sentence of 70 months.

Respectfully submitted,

Respectfully submitted,

/s/Arnold C. Joseph_____
Arnold C. Joseph, Esquire
Joseph & Associates
1801 Market Street.
Suite 2500
Philadelphia, Pa., 19103

Counsel for Defendant Alexander Telewoda

**Lueve Victor Morlee**
**Chief Executive Officer**
**TransGen Energy Inc**
**407 Stanley Plaza Blvd**
**Newark, DE 19713**
[redacted]

**April 29, 2026**

**Honorable Judge Wolson**

Dear Honorable Judge Wolson,

I am writing on behalf of Transgen Energy Inc to express my full support for Mr. Alexander Telewoda and to formally offer him employment upon his release.

Our company works on a variety of residential homes and commercial properties, and we rely on individuals who are dependable, hardworking, and committed to doing things the right way. Having known Mr. Telewoda, I can confidently speak to his good character, his strong work ethic, and his ability to stay dedicated even in difficult circumstances.

Mr. Telewoda has shown that he is willing to put in the effort to better himself and take responsibility for his future. I believe he will bring a positive attitude, a willingness to learn, and a strong sense of accountability to our team. These are qualities we value highly, and I am confident he will meet the expectations we set for all employees.

We are prepared to provide him with steady employment where he can develop practical skills, stay focused, and continue moving forward in a productive and meaningful way. I strongly believe that this opportunity will not only benefit our company, but also support his successful reintegration into the community.

Mr. Telewoda will be expected to maintain professionalism, reliability, and consistent effort, and I am confident he will rise to that responsibility. I would not be extending this opportunity if I did not believe in his ability to succeed.

Thank you for your time and consideration. Please feel free to contact me if any additional information is needed.

Respectfully,

**Lueve Victor Morlee**

June 2, 2026

The Honorable Judge Wolson

Dear Judge Wolson,

My name is Lynette Rivera, and I am the mother of Alexander Telewoda's fiancée, Lisandra Rivera. I can be reached at [redacted] or by email at [redacted].

I write to you with the utmost respect for this Court, and as a mother whose heart is deeply connected to the lives of both my daughter and Alexander. My daughter is my most treasured blessing. From the day she was born, I have protected her, guided her, and loved her unconditionally. She has always been a quiet, strong, and deeply thoughtful young woman.

When she first introduced Alexander into her life, I was afraid. I questioned his character and whether he could truly be the man my daughter deserved. When she expressed her desire to move in with him, I struggled greatly with that decision and, at the time, could not support it. My concerns were rooted in fear and uncertainty.

Over time, however, those fears were replaced with something I never expected—respect, admiration, and trust. I have had the opportunity to watch Alexander grow into a responsible, hardworking, and humble man. He has built a life grounded in commitment, love, and accountability.

What has impacted me most are not his words, but his consistent actions. He shows up for my daughter every single day. He takes her to work, picks her up, goes to his own job, and still makes time to nurture their relationship and their home. They include me in their daily lives, often calling me together from their kitchen, sharing their routines and moments. They spend their time reading, exercising, watching movies, and exploring new places together. Their life is simple, but it is filled with love, peace, and genuine partnership.

When my daughter began experiencing health challenges, I asked her to return home out of concern for her well-being. Without hesitation, Alexander assured me that he would do everything in his power to care for her. He has kept that promise. He has driven long distances to ensure she attends her medical appointments and has remained by her side with unwavering support during one of the most difficult times in her life.

As a mother, there is no greater comfort than knowing your child is safe, loved, and supported. Alexander has given me that peace. Through his actions, he has demonstrated integrity, growth, and deep compassion.

I understand that the Court must consider past circumstances. However, I respectfully ask that you also consider the person Alexander has become. At the time of the incident, he did not have the sense of purpose he now carries. Today, his life is centered around his work, his fiancée, and his family. He has direction, responsibility, and a clear commitment to building a better future.

I sincerely believe that Alexander deserves the opportunity to continue moving forward and to demonstrate his growth through his actions. Granting him this opportunity would not only impact his life, but also the life of my daughter and the future they are working so hard to build together.

Thank you for your time and consideration.

Sincerely,

Lynette Rivera

June 2, 2026

**Honorable Judge Wolson,**

My name is Alyssa Allen, and I am the sister-in-law of Alexander Telewoda. I am a middle school math teacher in North Philadelphia.

I have known Alexander since he was 14 years old, and from the day I met him, he has been a bright light in my life. He is funny, empathetic, and has always carried an incredible heart. Throughout difficult times, he has been a steady source of support for our family.

Raised by a single mother, Alexander stepped into responsibility at a young age. With my husband being seven years older, there was a period when Alexander became the man of the house, helping care for his family and taking on responsibilities well beyond his years.

He is also a role model to my four-year-old daughter, who adores him deeply. The first person she looks for when we walk into a room is her Uncle Alex. When she was just six months old, she was diagnosed with cancer, and during that incredibly difficult time, Alexander was a source of light, strength, and comfort for all of us. This year, she will graduate from preschool and attend her preschool prom—milestones we cherish and know he is missing out sadly on.

Alexander has made mistakes in his past, and I know he carries deep regret for them. That regret is especially evident when considering the important moments he may miss in the lives of those he loves.

Despite this, I have witnessed meaningful growth and change in Alexander. He has turned his life in a positive direction and is committed to becoming a better man. He is willing to work hard, reintegrate into society, and build a stable and productive future. He also has a strong and supportive family behind him—people who are ready to guide, encourage, and hold him accountable every step of the way.

I truly believe that Alexander has the potential to make a great impact on the world. He is someone who, given the opportunity, will contribute positively not only to his family but to his community as well.

Thank you for your time and consideration.

**Sincerely,**
Alyssa Allen
[redacted]

Dear Honorable Judge,

My name is Mohammed Jomandy, and I am writing on behalf of my lifelong friend, Alex Telewoda.

I have known Alex for over 25 years. We grew up together, played little league football, attended school, and even worked our first job side by side. From childhood into adulthood, I have had the privilege of watching Alex grow from a boy into a man, and because of that, I can confidently speak to his character.

Alex has always been a kind, loyal, and dependable person. He has consistently shown compassion toward others and a strong sense of responsibility to his family and friends. In both our first job together and in his current work, Alex has demonstrated a reliable work ethic, showing up, working hard, and taking pride in what he does. I am proud of the man he has become and the effort he continues to make to live an honest life.

I do not excuse the actions that have brought Alex before the Court. He understands that his actions were wrong. However, I have personally seen the impact this situation has had on him. He carries genuine remorse, and this experience has humbled him. Rather than define him, I believe it is shaping him into a more responsible and self-aware individual.

Like many of us in our younger years, Alex was at times influenced by the wrong crowd. Those influences are no longer part of his life. He has made clear efforts to distance himself from negativity and focus on building a better future.

Alex is a good son, a dependable friend, and a man above all with a strong support system. He has the potential to continue growing, to contribute positively to society, and to reach meaningful milestones in life, including building a family with his wife and a stable future.

For these reasons, I respectfully ask the Court to consider Alex Telewoda's character. I ask that his lifelong character, his work ethic, and his genuine remorse be taken into account. I truly believe that, if given the opportunity, Alex will continue on a positive path and make better choices moving forward.

Thank you for your time and consideration.

Mohammed Jomandy
Phone: [redacted]

**Lisandra Rivera**

[redacted]

[redacted]

June 2, 2026

RE: ALEXANDER TELEWODA

Dear Honorable Judge Wolson,

My name is Lisandra Rivera, and I am the fiancée of Alexander Telewoda. I appreciate the opportunity to speak before the Court today regarding Alexander's character, growth, and future.

I am a Certified Nursing Assistant currently attending nursing school to become a Registered Nurse. I am expected to graduate in May 2028 from Jersey College in Jenkintown, Pennsylvania. I am originally from New York, but I moved to Pennsylvania solely to build a life and future with Alexander.

Our relationship was not always perfect in the beginning. Like many young couples, we faced struggles, hardships, and moments where we both lacked direction. However, throughout our journey together, I always saw potential in Alexander that I truly believe he did not yet see in himself. I believed there was more inside of him than the life he had been surrounded by.

It was not until reality truly hit us that we both began to see things more clearly. I would never say it took this unfortunate situation for Alexander to become a better man, but I can honestly say that it HAS transformed him deeply. Watching his growth has been one of the most meaningful experiences of my life. He began speaking differently, thinking differently, and surrounding himself with better influences. Our relationship became healthier, our conversations became more inspirational, and together we started taking a better path forward.

Alexander grew up lacking a consistent father figure and strong male guidance in his life. Much of his upbringing depended solely on his immigrant mother, who worked hard to provide for him but did not always fully understand how dangerous and difficult society can be for young Black men growing up in impoverished environments. While this does not excuse his actions in any way, I believe it is important to understand the circumstances and environment that shaped many of the struggles he faced growing up.

Alexander also carried the responsibility of helping care for his two younger adopted brothers from a very young age. That responsibility placed a tremendous amount of pressure on him to become the "man of the house" long before he was emotionally prepared to carry such a role. I believe he often felt he had to make up for everything that was missing in his family and in his environment, but he did not yet understand that effort, growth, and consistency are what truly define a man. I am deeply concerned for their growth as young men now that their brother is away. I do not want them to see this situation as normal or as an example to follow. I grew up visiting family members in prison every weekend, and I once believed that was okay—but it isn't. It creates lasting trauma, and I would never want another child to experience that.

What I see in Alexander now is effort — genuine effort to change, grow, and become better. I see someone who is finally understanding that strength is not found in trying to carry everything alone, but in accountability, discipline, humility, and the willingness to build a different future. That effort is powerful, and it is one of the reasons I continue to believe so strongly in the man he is capable of becoming.

Months prior to his incarceration, I began working a government job at the Chester County Courthouse while attending school. Alexander worked at Flower Foods Corporation, and every day he would make sure to pick me up and drop me off before and after work on time. Our weekends became focused on building memories, exploring life together, and creating goals for our future. When I enrolled in nursing school, Alexander was the first and loudest person cheering me on. He never once doubted me.

In addition to pursuing my nursing career, I am currently in the process of opening a daycare in the greater Philadelphia area. It is something I am deeply passionate about because I want to provide care, support, and opportunities for children and families in the community. My hope is that one day Alexander will be able to have part ownership in this business and help me continue building something meaningful and positive for our future.

We are both first-generation college students, and our families depend on us to succeed. We carry not only our own dreams, but also the hopes of the people who raised us and sacrificed for us. We are trying to create opportunities that many people in our families never had, and we are determined to build stable and successful lives despite the challenges we have faced.

Although we do have support from our families, at the end of the day we are simply two young adults from impoverished backgrounds trying to build something better for ourselves and for the generations after us. We are trying to break cycles that we were born into.

I want to make clear that I do not excuse Alexander's actions, and I never will. As his fiancée, I have always been honest with him and the first person to tell him when he is wrong. Accountability is important to me. However, I also know the man that he truly is.

Alexander is a remarkable man. He is caring, passionate, loving, and extremely humble. He is the type of person who, when given an opportunity, is willing to work hard and take full advantage of it. We have spent countless hours talking about our future — about how one day I will be a nurse and he will work in construction, how we want to own a home, raise a family, and live lives built on honesty, stability, and good deeds. We speak often about giving back to our community and ensuring our future children never have to struggle the way we did.

Alexander also has numerous employment opportunities available to him upon his release, and we are fully willing to relocate wherever necessary in order for him to work, continue growing, and provide for our future family. We are committed to building a stable and productive life together and doing whatever is necessary to achieve that goal honestly and responsibly.

I truly believe that with the proper programs, mentorship, and guidance during his incarceration, Alexander will continue to grow from this experience and become an even better man. This situation does not define his entire life or his future. I believe he has the ability to change, and I believe everyone deserves a second chance when they are at least willing to learn, grow, and advance.

Your Honor, when considering Alexander, I ask that you think of two young adults simply trying to create a better life than the ones they were born into — two people who are ready to begin a family, continue growing in love, raise children in better circumstances, contribute positively to society, and become productive, law-abiding citizens.

Thank you for taking the time to hear me today and for considering my words.

Respectfully,

Lisandra Rivera

[redacted]

June 2, 2026

Dear Honorable Judge,

My name is Bliss Allen, and I am writing in support of my younger brother, Alexander Telewoda.

I want to begin by acknowledging the seriousness of Alexander's actions. I sincerely apologize to the Court and to anyone who has been affected. What happened is not something I take lightly, and I know my brother does not either. He carries a deep sense of regret for the pain and disappointment his actions have caused.

Alexander and I did not grow up in a perfect home. Our childhood came with many hardships that shaped us in different ways, we both lacked a father figure which was detrimentally a big effect on us. When I left for college when he was just 13 years old, he was still a child, yet he had to grow up much faster than he should have. Without being emotionally or mentally prepared, he stepped into the role of "man of the house," trying to take care of himself, our mother, and our younger adopted brothers. That is a heavy burden for anyone, especially someone so young.

I have carried guilt for years knowing that while I was away, he was trying to figure out life on his own. I truly believe that pressure contributed to the poor decisions he later made, as he felt the need to keep up and provide in ways he did not yet fully understand. While this does not excuse his actions, it is part of his story.

Despite everything, I have always known my brother to have a good heart. During one of the most difficult times in my life—when my daughter was diagnosed with cancer—Alexander showed me who he truly is. He stood by my family every step of the way, making sure we were supported emotionally and mentally when we needed it most.

My daughter is now approaching her final appointment, where she is expected to be in full remission. Alexander has been there throughout her journey. As her Godfather, he has taken on that role with love and dedication. The bond they share is incredibly strong, and his presence in her life means more than words can express.

When I learned that Alexander had enrolled back in school and was returning to work, it gave me hope. It reminded me that the person I have always believed him to be is still there—someone capable of growth, responsibility, and change.

I want nothing more than to see my brother become the man I know he can be—a hardworking man, a present father, a supportive brother, and a loving uncle. I believe in him, and I know he is trying to become better each day.

Again, I deeply apologize for his actions and for any harm that has been caused. Thank you for your time and consideration in reading my letter.

Respectfully,

Bliss Allen

Emanuel Santiago
Senior Safety Manager
Iovino Enterprises
1010 Northern Boulevard, Suite 200
Great Neck, New York 11021

06/02/2026

Dear Honorable Judge Wolson,

I am a Senior Safety Manager at Iovino Enterprises, and I am writing to express my continued support for Alexander Telewoda. In addition to my previous statement, I would like to further outline the opportunity that would be available to him upon successful rehabilitation and reintegration into society.

Should Alexander be given the opportunity, we are prepared to offer him a position as a Safety Coordinator within our organization. In this role, he would be responsible for assisting in maintaining safe work environments on active construction sites, ensuring compliance with safety regulations, conducting routine site inspections, and supporting safety training efforts for workers. He would also help identify potential hazards, reinforce proper safety protocols, and work closely with site supervisors to promote a culture of accountability and awareness.

Our company is involved in a variety of large-scale infrastructure projects, including work on rail and transit systems. These projects extend beyond New York and include opportunities in neighboring states such as New Jersey. This means Alexander would have the chance to gain hands-on experience in meaningful construction projects, including those related to train systems and public transportation, while building a stable and productive career.

We believe that structured work, responsibility, and mentorship are critical components of successful rehabilitation. Alexander would be entering an environment where he can learn valuable skills, develop professionally, and contribute positively to society. We are committed to providing guidance and support to help him succeed in this role.

Based on my knowledge of Alexander and his expressed commitment to change, I am confident that he will take this opportunity seriously and work diligently to prove himself. I firmly believe he has the potential to become a dependable and productive member of both the workforce and the community.

Thank you for your time and thoughtful consideration.

Respectfully,

Emanuel Santiago
Senior Safety Manager
Iovino Enterprises
[redacted]

JD's AUTOMOTIVE LLC
1481 BLONDELL AVE
BRONX, NY 10461

Dear Honorable Judge Wolson,

My name is John Dinapoli , owner of JD's AutoMotive LLC in the Bronx, New York. I am writing on behalf of Alexander Telewoda regarding potential employment opportunities at my business.

If Alexander is interested in learning the basics of the auto body and towing industry, I am willing to provide him with employment and an opportunity to gain experience at my shop once he is released from prison. As long as he maintains a valid driver's license and is willing to work toward obtaining his tow truck license, there will be further opportunities available for him.

Initially, Alexander would be able to start by assisting in the office, taking and logging calls alongside my assistant, while learning the day-to-day operations of the business. With time, effort, and dedication, he may be able to expand into additional responsibilities within the shop.

I believe it is possible for him to succeed in this environment if he applies himself appropriately. I have many employees and drivers who have reintegrated back into society after prison, using my shop to the greatest of their advance.

If you have any questions or require any additional information, please feel free to contact me or my assistant Olivia at any hour. She can be reached at 917-557-8996.

Sincerely,

John Dinapoli
Owner, JD's AutoMotive LLC